RONALD W. RANDLE, Plaintiff-Appellant, v. HINCKLEY PARACHUTE CENTER, INC., Defendant-Appellee.

Second District No. 2—85—0114

Opinion filed March 17, 1986.

Eric R. Romer, of Feldman & Romer, of Chicago, for appellant.

Charles E. Petersen, of Shearer, Blood, Agrella & Boose, of St. Charles, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff appeals from the trial court's order, dated January 28, 1985, granting defendant's motion for summary judgment.

On August 5, 1978, plaintiff took a skydiving course from defendant. The contract which plaintiff signed contained a detailed exculpatory clause, which plaintiff read and understood. During the class, plaintiff received training in all phases of the sport, including instruction in the landing technique, the "parachute landing roll." He practiced the roll numerous times before making a jump and stated in his deposition that he "had a firm knowledge of the techniques." On August 15, he made his first jump without incident, but on his second jump, approximately August 30, he broke his ankle upon landing.

The plaintiff then sued Hinckley Parachute Center. The original complaint alleged two counts, one for ordinary negligence and one for wilful and wanton misconduct. By agreement, the first count was dismissed as being covered by the exculpatory clause. After numerous continuances, the cause was about to go to trial in the fall of 1984. At that time, the trial judge became aware of this court's order in *Carr v. Hinckley Parachute Center* (1984), 126 Ill. App. 3d 1156 (Rule 23 order). At the trial judge's urging, defendant filed a motion for summary judgment, which the court granted. The plaintiff filed a timely notice of appeal.

The plaintiff argues that an exculpatory clause such as the one used by Hinckley cannot relieve one of the consequences of one's wilful or wanton misconduct. (See, *e.g., Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494; *Third Swansea Properties, Inc. v. Ockerlund Construction Co.* (1976), 41 Ill. App. 3d 894.) Plaintiff claims a fact issue exists as to whether defendant's conduct amounts to.wilful and wanton misconduct.

■ It is well settled that where no material issue of fact is presented by the pleadings, summary judgment is proper. (*Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 21.) If, however, more than one inference may be drawn from the same facts, summary judgment should not be granted. (*Tuohey v. Yellow Cab Co.* (1962), 33 Ill. App. 2d 180.) The plaintiff has the burden of responding to the defendant's summary judgment motion by bringing forth facts which raise an alternative inference. *Gordon v. Oak Park School District* (1974), 24 Ill. App. 3d 131, 135.

The plaintiff asserts that on the day of the fateful jump, the wind was too strong to allow a novice to jump safely. He had to jump from a different type of plane than he had used previously. He was told to jump while the plane was still more than a mile from the designated drop site at the airport. After he jumped, the ground instructor, who was supposed to talk him down by way of a walkie-

talkie strapped to plaintiff's reserve parachute, failed to give any instructions other than "[y]ou are nowhere near the airport. Put your feet and knees together and have a lucky landing." The plaintiff argues that these facts are sufficient to raise at least an inference that defendant engaged in wilful and wanton misconduct toward plaintiff.

Illinois courts have defined wilful and wanton misconduct as "an intentional injury or an act 'committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or failure to discover the danger through recklessness or carelessness when it could have been discovered by exercise of ordinary care.'" *Pomrehn v. Crete-Monee High School District* (1981), 101 Ill. App. 3d 331, 334.

■ In our opinion, the alleged errors and omissions of defendant do not constitute such a "reckless disregard for the safety" of plaintiff as to amount to wilful and wanton misconduct. The plaintiff was injured during his landing. He stated at his deposition that he landed in a soybean field and that there was nothing unusual about this terrain. He knew the area around the airport consisted primarily of corn and bean fields. He had been trained to land in this type of terrain. Thus, it appears that plaintiff landed as he had been taught on terrain on which novice jumpers frequently landed. The fact that the type of plane was different and that the plaintiff was far from the airport has nothing to do with the manner in which he landed. The plaintiff did not state how further instruction from the ground instructor would have been helpful. The plaintiff did not dispute that the instruction to "put your feet and knees together" for landing was in fact correct.

In *Pomrehn v. Crete-Monee High School District* (1981), 101 Ill. App. 3d 331, 335, the court upheld a grant of summary judgment even though a wilful, affirmative act of the defendant allegedly resulted in plaintiff's injury. The principal had ordered the teacher who served as softball coach to stay late at school, and as a result she was late for the softball practice at which plaintiff was injured. (101 Ill. App. 3d 331, 333.) The court said, "[W]e find that the evidence in the record before the trial court did not indicate any such reckless or conscious disregard of know dangers. *** Certainly, there is a risk of injury and a danger involved in almost any gathering of teenagers." (101 Ill. App. 3d 331, 335.) The facts in this case are even less compelling than those in *Pomrehn* to justify a finding of wilful and wanton misconduct. Certainly, there are dangers in

skydiving, just as there are dangers inherent in a gathering of teenagers. There was no affirmative act by the defendant in this case which was the cause of the plaintiff's injury. At most, defendant was guilty of a few negligent omissions. Ordinary negligence is clearly covered by the exculpatory agreement.

■ The plaintiff appears in his brief to raise a second argument, that his injury was outside the scope of injuries contemplated by the parties in the exculpatory agreement. (See *Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574.) This foreseeability argument was not raised before the trial court in plaintiff's memorandum in opposition to motion for summary judgment, or elsewhere, and therefore we do not consider it. (See *Richardson v. Economy Fire & Casualty Co.* (1985), 109 Ill. 2d 41, 47.) We note in passing, however, that this argument is similarly unavailing.

In *Larsen*, the injury complained of was of a completely different nature than that normally associated with defendant's enterprise. The court found a jury question as to whether such an injury was outside the contemplation of the parties at the time the contract was entered into. Here, the injury, breaking one's ankle upon landing, was exactly the sort of danger the agreement was intended to cover.

■ Parenthetically, we note that the trial court based its decision on this court's order in *Carr v. Hinckley Parachute Center* (1984), 126 Ill. App. 3d 1156 (Rule 23 order). *Carr* was decided pursuant to Supreme Court Rule 23. Such an order is not precedential. (87 Ill. 2d R. 23.) In addition, the principle of collateral estoppel is not involved here. In upholding a grant of summary judgment, however, an appellate court is not limited to the reasons expressed by the trial court. (*Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 21.) Thus, although the trial court may have been mistaken in its reliance on *Carr*, the facts of this case amply support its conclusion.

Therefore, we affirm the judgment of the circuit court of De Kalb County.

Affirmed.

HOPF and STROUSE, JJ., concur.