ANTHONY TOPPS, Plaintiff-Appellant, v. PHILLIP FERRARO, Defendant-Appellee.

Second District   No. 2—91—1129

Opinion filed October 8, 1992.—Rehearing denied November 9, 1992.

DOYLE, J., dissenting.

Guyer & Enichen, of Rockford (Brian Dean Shore, of counsel), for appellant.

Caldwell, Berner & Caldwell, of Woodstock (Michael T. Caldwell, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Anthony Topps, filed a one-count complaint in the circuit court of McHenry County alleging negligence against defendant, Phillip Ferraro. The trial court granted defendant's motion for summary judgment, and plaintiff filed this timely appeal. The sole issue presented for review is whether the trial court erred in granting summary judgment in favor of defendant. We reverse and remand the cause.

The deposition testimony of the parties reveals the following facts. On June 28, 1987, plaintiff and defendant attended a social gathering at the home of a mutual friend. Shortly after the arrival of defendant and a female companion, defendant encountered plaintiff in the living room of the house and asked plaintiff if he would step outside for a moment to discuss something. Plaintiff, at that moment, did not feel challenged or threatened and agreed to step outside. Once outside, defendant asked plaintiff about earlier statements allegedly made by plaintiff about defendant's girlfriend. Within a short period of time, the conversation grew heated and argumentative.

In his deposition, plaintiff stated that he informed defendant that he would speak to him later after defendant calmed down. He said that he turned around and felt defendant touch his left shoulder, that the next thing he could recall was waking up one to two minutes later in the bushes with his left eye feeling sore, and that he smelled a strong odor of blood. Plaintiff stated that he could not recall any other details from the moment he turned around until he regained consciousness. He further stated that he did not remember whether he pushed or shoved the defendant.

At his deposition, defendant stated that after the argument became heated plaintiff shoved him in the shoulder, and he responded by punching plaintiff in the face, contacting plaintiff's left eye. Plaintiff then fell to the ground, stating that he required medical assistance. Defendant further testified:

"A. [Defendant]: After talking and turning into an argument he pushed me on the shoulder, and once he hit me—well, pushed me, I hit him in the face.

\* \* \*

Q. So you said your reaction was to hit at him?

A. Well, that's just—I mean it wasn't something I thought about. Once he pushed me, I hit him, so it wasn't really any time.

Q. Is it your testimony at the time that you—that he pushed you it was your intent to hit him?

A. What?

Q. At the time—

A. He pushed me.

Q. It was your intent to hit him?

A. It wasn't a thought out thing. It was just all of a sudden I came up and hit him.

\* \* \*

Q. When you made contact with [plaintiff], what was your intention?

A. There was no intention. It was a matter—it was a matter of reflexes. I don't know what it was because really there was no time to think about it. Once he pushed me, I didn't think about he pushed me, hit him. It was just a matter of he pushed me and I hit him.

Q. Did you mean to hit him?

A. That was not—it wasn't my intention to bring him out there to go beat him up.

Q. I am saying at the time you did make contact?

A. Yes. There was no time. I didn't even think about it or anything. It was a matter of reaction."

The record does not reflect any additional testimony or factual evidence as to the altercation.

Plaintiff was treated for his eye injury at the Crystal Lake Ambutal and released. Plaintiff testified that after the swelling subsided four days later he observed that the entire white portion of his left eye was red and that a portion of his vision was blocked. Plaintiff sought further treatment from an eye specialist. Plaintiff testified that at the time of his deposition, which was approximately three years after he sustained the injury, his field of vision was still impaired and that his visual acuity had further deteriorated.

In his one-count complaint plaintiff alleged:

"4. *** Defendant, Phillip Ferraro, was guilty of one or more of the following *negligent* acts:

(a) Extended his arm in a *negligent* matter [*sic*] without due regard for the presence of others.

(b) Made physical contact with the Plaintiff without due regard for the possible consequences of such contact.

(c) Failed to keep proper lookout for the Plaintiff.

5. That due to the foregoing *negligent* acts or omissions of the Defendant, Phillip Ferraro, the Plaintiff, Anthony Topps, was injured ***." (Emphasis added.)

Defendant moved for summary judgment and attached copies of plaintiff's and defendant's discovery depositions. Defendant did *not* file a motion to strike or dismiss, *nor* did defendant file an affirmative defense in the nature of self-defense. Plaintiff filed no response to defendant's motion for summary judgment. The trial court granted defendant's motion, and plaintiff now appeals.

Plaintiff contends that an issue of material fact exists as to the "degree" of defendant's culpability and that the factual evidence presented in support of defendant's motion did not establish free and clear from doubt that defendant's conduct was other than negligent. Plaintiff focuses on defendant's professed state of mind at the time he struck plaintiff and argues that, because defendant was unable to provide an explanation why he struck plaintiff, a trier of fact could infer that defendant's conduct was negligent as opposed to intentional. Plaintiff further argues that defendant's testimony indicates that defendant negligently failed to contemplate the possible or probable consequences of his act in striking plaintiff. Defendant responds that the record clearly and unequivocally establishes that his actions were

intentional and, therefore, no issue of material fact exists as to whether his conduct could be characterized as negligent.

Defendant argues that his intentional act precludes a grant of judgment to plaintiff on the issue of negligence by arguing the law relating to an intentional tort. However, defendant does not concede liability for either negligence or intentional tort because he claims self-defense. Defendant has failed to cite any law as to why an *un*reasonable belief in the need for self-defense is neither negligence nor an intentional tort. Defendant's argument, when distilled to its essence, is because he admitted that he committed an intentional *act*, he cannot be found to be negligent. Our independent research has disclosed two cases which allow recovery in negligence for such "intentional" acts. *Blackburn v. Johnson* (1989), 187 Ill. App. 3d 557; *Wegman v. Pratt* (1991), 219 Ill. App. 3d 883, 894.

■ In this case, plaintiff's complaint alleged the following *negligent* acts by defendant: "(a) Extended his arm in a negligent matter [*sic*] without due regard for the presence of others[,] (b) Made physical contact with the Plaintiff without due regard for the possible consequences of such contact[, and] (c) Failed to keep a proper lookout for the Plaintiff." To state a legally sufficient cause of action in either simple or willful and wanton *negligence*, plaintiff must have alleged sufficient facts to show defendant had a duty to plaintiff, that he breached such duty, and that an injury proximately resulted from that breach. (*Wood v. Village of Grayslake* (1992), 229 Ill. App. 3d 343, 349.) The fact that defendant stated in his deposition that he intended to punch plaintiff neither mystically transmutes the allegations in plaintiff's complaint to an intentional tort nor precludes recovery in negligence.

The arguments of the parties set forth above are primarily due to the fact that the defendant apparently has insurance where coverage is dependent on the nature of the acts committed by defendant. The plaintiff has attempted to state a cause of action with facts that he believes will enable him to collect any judgment he might obtain. The defendant, on the other hand, has attempted to defend the action in such a way that no conflict of interest would arise between the defendant and his insurer. It is in this context that we consider whether the trial court erred in granting defendant's motion for summary judgment.

When reviewing the trial court's grant of summary judgment, the reviewing court must first determine whether the trial court erred in its ruling that no genuine issue of material fact existed. (*Briarcliffe Lakeside Townhouse Owners Association v. City of Wheaton* (1988),

170 Ill. App. 3d 244, 248.) A motion for summary judgment should be granted when the pleadings, depositions, and admissions on file, together with the affidavits, reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Balla v. Gambro, Inc.* (1991), 145 Ill. 2d 492, 508.) If no issue of material fact has been raised, the court must determine whether judgment was correctly entered as a matter of law. (*Briarcliffe*, 170 Ill. App. 3d at 249.) Thus, the reviewing court must apply the *de novo* standard of review and consider anew the facts and law related to the case. *Shull v. Harrison Township* (1992), 223 Ill. App. 3d 819, 824; *Quinton v. Kuffer* (1991), 221 Ill. App. 3d 466, 471.

Contrary to a section 2—615 motion to dismiss, summary judgment should not be used to determine whether plaintiff's complaint sets forth a legally sufficient cause of action. Rather, a motion for summary judgment "almost necessarily assumes a cause of action has been stated." (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406.) If defendant wished to contest the sufficiency of plaintiff's complaint, he should have first filed a motion to strike and/or dismiss. Only when a legally sufficient cause of action had been stated should defendant have challenged the cause of action by a motion for summary judgment or his affirmative defense of self-defense. *Magnuson v. Schaider* (1989), 183 Ill. App. 3d 344, 355.

■ The purpose of summary judgment is not to try the issues, but to determine whether any triable issues exist. (*Vesey v. Chicago Housing Authority* (1991), 145 Ill. 2d 404, 416; *Quinton v. Kuffer* (1991), 221 Ill. App. 3d 466, 470.) At the summary judgment stage, contrary to the dissent contained herein, the plaintiff is not required to establish his case as he would at trial. Instead, the plaintiff must present some factual basis that would arguably entitle him to a judgment in his favor. (*West v. Deere & Co.* (1991), 145 Ill. 2d 177, 182.) Plaintiff herein alleged his right to a cause of action based upon a *negligence* theory of liability and has neither alleged intent nor lack thereof. He is entitled to the benefit of every relevant fact necessary to succeed on the theory he has alleged. We find that the pleadings, depositions, and admissions on file, together with the affidavits, reveal that there *is* a genuine issue of material fact regarding defendant's negligence regardless of the issue of intent or lack thereof. (*Blackburn*, 187 Ill. App. 3d at 560; *Wegman*, 219 Ill. App. 3d at 894.) Accordingly, the trial court erred in ruling that no issue of material fact existed as to the nature of defendant's conduct as reasonable

minds could find that the defendant was negligent in hitting the plaintiff.

For the foregoing reasons, we reverse the order of the circuit court of McHenry County granting judgment in favor of defendant, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

UNVERZAGT, J., concurs.

JUSTICE DOYLE, dissenting:

I respectfully dissent because I believe that the majority may have been led to an incorrect result through a misunderstanding of defendant's argument. The majority states that "[d]efendant's argument, when distilled to its essence, is because he admitted that he committed an intentional *act*, he cannot be found to be negligent" (emphasis in original) (235 Ill. App. 3d at 47), and that defendant's admission in his deposition that he intended to punch plaintiff does not transform plaintiff's allegations into an intentional tort. Additionally, the majority questions why defendant failed to file a motion to strike and/or dismiss and states that a motion for summary judgment should not be used to determine whether plaintiff's complaint sets forth a cause of action. While I agree with this well-settled rule, it fails to address defendant's argument here. Defendant has not challenged plaintiff's complaint for failure to state a cause of action; rather, his focus is upon the failure of the plaintiff to provide evidence which would support the complaint's specific allegations of negligence. I understand defendant's position to be that negligence is a theory of action which is separate and distinct from intentional tort and that, although plaintiff has elected to proceed on a specific theory of negligence only, the evidence before the trial court presented no issue of material fact as to whether defendant's conduct could be characterized as negligent within the allegations of the complaint.

Plaintiff failed to offer any evidence in contradiction of the deposition testimony submitted in support of defendant's motion for summary judgment. It is well settled that facts contained within affidavits in support of a motion for summary judgment and uncontradicted by other factual evidence are admitted and considered true (*Heidelberger v. Jewel Cos.* (1974), 57 Ill. 2d 87, 92-93) and that discovery depositions may be utilized in support of a summary judgment motion to the

same extent as affidavits. 134 Ill. 2d R. 212(a)(4); *Carter v. Dunlop* (1985), 138 Ill. App. 3d 58, 63.

It is true, however, that if reasonable persons could draw divergent inferences from the undisputed facts, summary judgment should be denied (*Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358) and that a court must construe the deposition testimony strictly against the defendant-movant and liberally in favor of the plaintiff and enter summary judgment only when the right of the defendant is free and clear from doubt (*Wilder Binding Co. v. Oak Park Trust & Savings Bank* (1990), 135 Ill. 2d 121, 130).

Intent, as defined within the context of tort liability, is not necessarily a hostile intent, or a desire to do any harm; rather, it is an intent to bring about a result which will invade the interests of another in a way that the law will not sanction. (*Cowan v. Insurance Co. of North America* (1974), 22 Ill. App. 3d 883, 893, citing W. Prosser, Torts §8, at 31 (4th ed. 1971).) Comment *b* of section 8A of the Restatement (Second) of Torts provides:

> "All consequences which the actor desires to bring about are intended \*\*\*. \*\*\* If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." (Restatement (Second) of Torts §8A, Comment *b*, at 15 (1965).)

The term "intent" is commonly used "to describe the purpose to bring about *stated physical consequences*" and is concerned with the consequences of the act. (Emphasis in original.) (W. Keeton, Prosser & Keeton on Torts §8, at 35 (5th ed. 1984).) Motive focuses on the subjective rationale that inspires the act and the intent. W. Keeton, Prosser & Keeton on Torts §8, at 35 (5th ed. 1984).

It is recognized that motive and intent are related states of mind and that confusion sometimes exists as to their precise interaction in the context of tort liability. In analyzing the circumstances of the present incident, however, I conclude that defendant's inability or failure in his deposition to specifically articulate his reason for striking plaintiff does not provide support for any inference that he acted negligently. Plaintiff's argument confuses motive with intent. Defendant's deposition testimony does not evidence his lack of intent; rather, it demonstrates his subjective reasoning, or lack thereof, as to why he engaged in an act of striking plaintiff. Although defendant testified that "it wasn't something he thought about" and that it was a matter of reflexes, he clearly and unequivocally stated that he struck plaintiff. The only reasonable interpretation of the evidence is that defend-

ant struck out intentionally in response to allegedly being pushed by plaintiff.

Additionally, there is no evidence which suggests an alternative inference that defendant did not know or was substantially uncertain of the consequences of his act of striking plaintiff. Plaintiff has failed to respond to the motion for summary judgment by submitting facts which would raise an alternative inference (see *Randle v. Hinckley Parachute Center, Inc.* (1986), 141 Ill. App. 3d 660, 661), and he cannot rely upon mere conjecture or surmise as being sufficient to raise a genuine issue of negligence (see *Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 101). I conclude that the testimony relating to defendant's motive is insufficient to raise an issue of material fact as to whether defendant's conduct was negligent as opposed to intentional.

Plaintiff submits an alternative theory by which a trier of fact might characterize defendant's conduct as negligence. He argues that the facts might be interpreted as showing that defendant made an unreasonable decision to act intentionally in defense of his person against plaintiff's advances. A determination of negligence, it is asserted, could be predicated upon the defendant's faulty decision to act intentionally. Although I agree with the majority that under certain circumstances this has been recognized to be a viable theory of negligence (see *Wegman v. Pratt* (1992), 219 Ill. App. 3d 883; *Blackburn v. Johnson* (1989), 187 Ill. App. 3d 557), it has no applicability to assist plaintiff in the present case because *his complaint does not allege any such theory of negligence.* On the contrary, the complaint describes defendant's "negligent acts" as follows: "(a) Extended his arm in a negligent matter [*sic*] without due regard for the presence of others[,] (b) Made physical contact with the Plaintiff without due regard for the possible consequences of such contact[, and] (c) Failed to keep a proper lookout for the Plaintiff." In contrast, both *Wegman* and *Blackburn*, cited by the majority, involved complaints which specifically alleged a theory of negligent decision to use force in defense of person. (*Wegman*, 219 Ill. App. 3d at 895; *Blackburn*, 187 Ill. App. 3d at 560.) Considering the plain and ordinary meaning of the present allegations, coupled with plaintiff's failure to respond to the motion for summary judgment by arguing any alternative theory of interpretation, I conclude that the trial court was correct in its ruling that no issue of material fact existed as to the nature of defendant's conduct.

Having determined that no issue of material fact exists, the next consideration is whether the trial court, as a matter of law, properly granted summary judgment in favor of defendant. Defendant con-

tends that an uncontroverted showing of intentional conduct entitled him to summary judgment.

Intentional torts and negligence are distinct causes of action. Contrary to plaintiff's contention, differing theories of tort liability are distinguished, not by their difference in degree of culpability, but, rather, they are distinguished on the basis of their qualitative differences in kind. (See *Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 450-52 (qualitative differences between negligence and wilful and wanton conduct preclude their comparison for comparative fault purposes).) Moreover, it is the presence of the recognized elements of negligence and not the absence of intentional or reckless conduct which determines the right to maintain a negligence cause of action. In ruling upon a motion for summary judgment, the court must consider the specific allegations of the complaint. A complaint must contain a plain and concise statement of the plaintiff's cause of action. (Ill. Rev. Stat. 1991, ch. 110, par. 2—603(a).) It should sufficiently define the issues and reasonably inform the defendant of the claim which he or she is called upon to meet. (Ill. Rev. Stat. 1991, ch. 110, par. 2—612.) Plaintiff, as the master of his complaint, was free to choose his theory of action, and a court's determination of whether plaintiff is entitled to recovery is based upon the evidence adduced in support of his chosen theory.

If, from the evidence before the court, a plaintiff has failed to establish an element of his cause of action as alleged, summary judgment for the defendant is proper. (*Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358.) Plaintiff alleged his right to a cause of action based upon a specifically identified negligence theory of liability and was entitled to the benefit of every relevant fact necessary to succeed on that theory. His failure to provide sufficient evidence necessary to withstand defendant's summary judgment motion, however, required the trial court to determine, as a matter of law, that plaintiff was not entitled to maintain his cause of action for negligence.

For the foregoing reasons, I would affirm the circuit court's order granting summary judgment in favor of defendant.