MID AMERICA FIRE AND MARINE INSURANCE COMPANY, Plaintiff-Appellee, *v.* EDWARD A. SMITH *et al.*, Defendants-Appellants.

Fourth District   No. 4—82—0216

Opinion filed November 4, 1982.

Victor J. Mosele, of Paul L. Pratt, P.C., of East Alton, for appellants.

Stephen W. Thomson, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendants, Edward S. Smith and James D. Osborne, appeal a summary declaratory judgment entered by the circuit court of Macoupin County on March 17, 1982. The judgment declared that plaintiff, Mid America Fire and Marine Insurance Company, owes no duty to defend Osborne in an underlying suit brought by Smith against Osborne and arising from an incident of July 11, 1979, or any other suit arising from that incident. The judgment also declared plaintiff had no duty to indemnify Osborne for any judgment or settlement arising from that suit or that incident. We affirm.

The undisputed evidence before the court when ruling on plaintiff's motion for summary judgment showed that, during an altercation between Osborne and Smith on July 11, 1979, Osborne kicked Smith in the head, causing injury to Smith.

Plaintiff's complaint for declaratory judgment was filed on September 14, 1981, and an amended complaint was filed on October 15, 1981. After issue was drawn, plaintiff moved for summary judgment. The motion was supported by various documents, the most important of which were transcripts of defendants' deposition testimony and copies of pleadings from the suit between defendants. In that case, Smith alleged he had been injured by Osborne's negligent conduct. Plaintiff had issued a homeowner's insurance policy extending various coverages to Osborne including that for liability. Of crucial importance in the case were the following provisions of the policy:

"Section 1

Liability, Coverage A

We promise to pay on behalf of an insured for damages resulting from bodily or property damage caused by an occurrence if the insured is legally obligated.

Exclusions—Section 1

Liability and Medical Payments, Coverages A & B does not apply to bodily injury or property damage:

1.Caused intentionally by or at the direction of an insured.
***

Definitions:

Occurrence in Section 1 means an accident, including continuance or repeated exposure to conditions which results in bodily injury or property damage."

Plaintiff does not dispute that Osborne inflicted injuries upon Smith on July 11, 1979. Plaintiff contends, however, that the injuries did not result from an "accident" as required by the policy but rather

resulted fron an intentional act of Osborne thereby excluding coverage from the consequence of the incident.

Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57(3)) stated that summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The purpose of the summary judgment procedure is "to determine whether any genuine issue of material fact exists and to summarily dispose of cases where none does exist so as to avoid congestion of trial calendars and the expense of unnecessary trials." *Loveland v. City of Lewistown* (1980), 84 Ill. App. 3d 190, 192, 405 N.E.2d 453, 455.

We need not determine whether Osborne's actions constitute an "accident" since we find, as a matter of law, that the exclusionary clause is applicable. The evidence is conclusive on this subject. Osborne testified in a deposition on file, that he intended to kick Smith, although not in the face.

Courts in other jurisdictions have determined that a similar policy exclusion applies regardless of whether the tort defendant intended the specific injury as long as that defendant intended to injure the particular victim. In *Iowa Kemper Insurance Co. v. Stone* (Minn. 1978), 269 N.W.2d 885, 887, the Minnesota Supreme Court stated that in a contract of liability insurance, excluding coverage for bodily injury intentionally caused by the insured, the intent required to exclude coverage is the "intent to cause bodily injury," even if the actual injury is more severe or of a different nature than the injury intended. See also *Steinmetz v. National American Insurance Co.* (Ariz. App. 1978), 121 Ariz. 268, 589 P.2d 911; *Butler v. Behaeghe* (1976), 37 Colo. App. 282, 548 P.2d 934.

A tort defendant who is found to have intentionally struck the plaintiff is deemed to have intended the ordinary consequences of his voluntary actions. This does not contradict the holding in *Smith v. Moran* (1965), 61 Ill. App. 2d 157, 209 N.E.2d 18, where the court drew a distinction between an intentional act and an intentionally caused injury. There, a defendant fired a gun at one person and missed that person, hitting the tort plaintiff, Smith. The court stated it was of the opinion that the injury to Smith was not intentionally caused by the defendant but was an unintentional result of an intended act directed at another person. (61 Ill. App. 2d 157, 163, 209 N.E.2d 18, 21.) In *Smith,* however, unlike in the case at bar, the

defendant did not intend to injure the victim in any manner. Osborne, on the other hand, specifically stated that he intended to kick Smith, but that he did not intend to kick him in the head. Coupling the foregoing with evidence that Osborne entered a plea of guilty to a battery charge arising from the incident, we determine that the evidence is conclusive that Osborne committed an intentional act and intentionally caused Smith's injury.

■ The defendants argue that the depositions and other matters before the court contain evidence creating a question of fact as to whether Osborne was so intoxicated at the time of the occurrence that he could not form the requisite intent to injure. This contention was based upon deposition testimony that Osborne had consumed very large quantities of intoxicants just prior to the episode and Osborne's deposition testimony that he was so intoxicated then that he could not later recall some aspects of the episode. Defendants also presented an affidavit of their attorney that a toxicologist would, if present, testify that one who had consumed alcohol in the manner and of the quantity claimed by Osborne, would have impaired ability to form the requisite intent. This affidavit contained hearsay and was not in a form that could properly be considered. (73 Ill. 2d R. 191.) After the summary judgment had been entered, the defendants produced an affidavit of that toxicologist which contained a statement by the toxicologist of the same purport. This affidavit was tardily presented, and the trial court was not required to consider it.

The deposition evidence as to Osborne's intoxication was negated by his own admission in his deposition that he was not so intoxicated that he could not have driven himself home, by his admission in that deposition that he remembered substantial parts of the episode and his statement that he intended to kick Smith.

■ We find that the tort defendant, Osborne, intentionally struck the tort plaintiff, Smith, and must be deemed to have intended the natural consequences of his act. Consequently, since some injury was intended, it is immaterial that the particular injury that resulted was not specifically intended. Thus the exclusionary clause of the liability policy is applicable, and plaintiff, Mid America, owed no duty to defend or indemnify Osborne.

For the reasons stated, we affirm.

*Affirmed.*

WEBBER and LEWIS, JJ., concur.