ILLINOIS FARMERS INSURANCE COMPANY, Plaintiff-Appellant, v. SEAN PUCCINELLI *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—94—1049

Opinion filed November 1, 1995.

Worker & Power, of Chicago (Danny L. Worker and Julie A. Hoffman, of counsel), for appellant.

William C. Coughlin, of Chicago, for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Illinois Farmers Insurance Company (the insurer), appeals from the granting of summary judgment in favor of defendant John Golden and the denial of the insurer's cross-motion for summary judgment in its declaratory judgment action. The insurer argues on appeal that (1) the trial court improperly considered a jury verdict finding negligent and intentional conduct of the insured, defendant Sean Puccinelli, who was sued in a tort action brought by Golden for injuries received when Puccinelli attacked him; (2) the trial court erred in finding that negligence committed during the course of Puccinelli's battery negated application of the intentional acts exclusion of the insurance policy; and (3) summary judgment should have been entered in favor of the insurer. We affirm in part, reverse in part, and remand this cause.

In this case Farmers Insurance asserts that a homeowner's li-

ability policy issued to Puccinelli does not provide coverage for injuries sustained by Golden during a fight between the two based on the intentional acts exclusion contained in the policy. The issue in this case is where there is a conflict of interest between an insurer and its insured, the insurer has paid the attorneys accepted by the insured (after disclosure of the conflict of interest) and the jury in the tort case has found that the insured's actions constituted both negligence and intentional battery, whether the insurer is entitled to a trial in its declaratory judgment action or whether the trial court can decide the case in a summary judgment proceeding.

A criminal complaint was brought against Puccinelli for his attack on Golden, and Puccinelli was found guilty of battery after a trial in 1988.

In 1989 Golden filed a civil tort complaint against Puccinelli alleging negligence in count I and wilful and wanton conduct in count II. Puccinelli allegedly acted negligently by colliding with Golden, by restraining Golden, by failing to monitor his own "travel" to avoid contact with Golden, and by using excessive force. Puccinelli also allegedly wilfully struck Golden. Puccinelli retained the law firm retained by the insurer for his defense after he was advised of a potential conflict of interest of the insurer. The insurer paid Puccinelli's attorney fees.

Puccinelli testified in the civil tort trial that on October 20, 1987, Puccinelli was driving near his estranged wife's apartment when he saw Golden pulling into a parking lot. He approached Golden's car with a piece of wood and shattered the driver's side window. Puccinelli followed Golden into and through the apartment. As he confronted Golden on the second-floor back porch, Puccinelli's wife hit Puccinelli from behind. He fell forward, and he and Golden tumbled down the steps. He did not hit or push Golden down the first set of stairs. After wrestling he tumbled again, and they ended up on the first-floor landing. They argued, and he punched Golden several times. He did not twist Golden's ankle.

John Golden testified that Puccinelli began punching him while they were on the second-floor porch. Puccinelli's wife screamed at Puccinelli to stop, and she picked up a toy or a hammer and tried to hit Puccinelli so Puccinelli would release his grip. After she went back into the apartment, they tumbled down the stairs. He did not tumble down the stairs from the top landing because he lost his footing but because he was grasped by Puccinelli and both of them were off balance. Puccinelli made threats and punched and kicked Golden. He crawled under a table to escape, and Puccinelli grabbed his right leg and pulled him out. He then felt a lot of pain in his right ankle,

but he did not believe that Puccinelli pulling him out from under the table caused his ankle fracture. Puccinelli pushed him on the second landing, but he could not be "specific enough to say" that Puccinelli pushed him down the next set of stairs. After they tumbled to the ground level, Puccinelli continued to punch and kick him.

In 1993 the jury found for Golden against Puccinelli under both counts of his complaint (negligence and battery).

The insurer had filed a declaratory judgment action in 1991 alleging that its policy did not cover Puccinelli's conduct because of an intentional acts exclusion, and the matter had been stayed pending resolution of the tort action. After the jury verdict in the tort action, Golden filed a motion for summary judgment in the declaratory judgment action arguing that his injuries were caused by both the negligent and the intentional conduct of Puccinelli.

The insurer filed a cross-motion for summary judgment. The trial court granted the insured's motion for summary judgment and denied the insurer's cross-motion. The trial court's summary judgment order states that it was based on the evidence in both the criminal and civil trials, that there was an intervening act by Mrs. Puccinelli, and that both negligence and intentional battery were proximate causes of the injury. The trial court did not mention collateral estoppel in the order.

Illinois Farmers Insurance first argues on appeal that the trial court improperly considered the findings made in the tort action and that the insurer was not collaterally estopped by the jury's verdict in the tort action. The insurer argues it should have been allowed to argue below that Golden altered his criminal trial testimony from his testimony in the civil proceeding in an effort to secure coverage under the insurance policy by demonstrating the inconsistencies between Golden's civil deposition testimony and criminal trial testimony: (1) Golden testified in his civil deposition that he fell from the second-floor landing due to a lack of good footing, whereas he testified at the criminal trial that they fell down the stairs while wrestling; and (2) Golden testified in his civil deposition that his ankle was not hurt when Puccinelli pulled him out from under the table, whereas he testified at the criminal trial that his bone snapped when Puccinelli twisted his leg.

Our review of the order granting summary judgment is *de novo*. *Jarke v. Jackson Products* (1994), 258 Ill. App. 3d 718, 721, 631 N.E.2d 233.

There is no dispute in this case that the insurer was not estopped, by its not directly defending its insured in the tort lawsuit, from raising the issue of noncoverage in its declaratory judgment action. (See

*Thornton v. Paul* (1978), 74 Ill. 2d 132, 155, 162, 384 N.E.2d 335 (where an insurer failed to defend its insured because of the conflict of interest between them, the insurer was not estopped from raising noncoverage as a defense in a garnishment action); *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 196, 199, 355 N.E.2d 24 (an insurer who did not provide a defense was not estopped from raising the defense of noncoverage in a suit on the insurance policy).) Conflict of interest prevented the insurer from directly hiring counsel to defend the insured, but the insurer paid for the insured's independent counsel. See generally *Thornton*, 74 Ill. 2d 132, 384 N.E.2d 335 (discussion on the insurer's duty to defend its insured).

A concept different from estoppel based on wrongful conduct that prevents one from raising an issue is the concept of *collateral* estoppel, which prevents relitigation of an issue in a later action between the same parties or their privies in the same or a different cause of action (*Simcox v. Simcox* (1989), 131 Ill. 2d 491, 496, 546 N.E.2d 609).

We agree with the other jurisdictions that have decided that an insurer is not collaterally estopped by the findings on issues in the prior adjudication from relitigating the issues in a declaratory action because of the absence of an identity of interests between the insured and the insurer and therefore the absence of privity with its insured. *E.g., Farmers Insurance Co. v. Vagnozzi* (1983), 138 Ariz. 443, 448, 675 P.2d 703, 708; *Kelly v. Cherokee Insurance Co.* (Tenn. 1978), 574 S.W.2d 735, 738-39; *Alabama Farm Bureau Mutual Casualty Insurance Co. v. Moore* (Ala. 1977), 349 So. 2d 1113, 1116-17; *Insurance Co. of North America v. Whatley* (Fla. Dist. Ct. App. 1990), 558 So. 2d 120, 121-22; *Snodgrass v. Baize* (Ind. Ct. App. 1980), 405 N.E.2d 48, 51-52.

As the insurer was unable to participate in the tort trial and its interests were not represented, the insurer was not bound by the jury's verdict, and the insurer can relitigate in the declaratory judgment action the issues of the insured's negligence or intentional conduct. So that the insurer may call and examine witnesses and demonstrate that Golden was injured by the intentional acts of Puccinelli, the granting of Golden's motion for summary judgment is reversed, the denial of the insurer's cross-motion for summary judgment is affirmed, and the matter is remanded for further proceedings, which should include a trial with Illinois Farmers' own attorneys. The insurer must be granted an opportunity to present evidence to prove the intentional acts exclusion under the policy. The insurer is entitled to have its day in court.

We do not here decide that in all conflict of interest cases where the insurer pays for its insured's defense the insurer must be granted

a trial in its declaratory judgment action and that the issue of coverage can never be decided in a summary judgment proceeding. In the case before us there has been sufficient contradictory testimony by Golden and Puccinelli to make it necessary for a trier of fact to decide the issue in the declaratory judgment action.

We do not reach the issue whether negligence committed during the course of an intentional battery, as reflected in the jury's verdict, negated the application of the intentional acts exclusion of the insurance policy.

The judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded.

Affirmed in part; reversed in part and remanded.

GREIMAN, P.J., and RIZZI, J., concur.