STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee, v. GEORGE G. LEVERTON, Indiv. and as Father and Next Friend of Tiffany Nichole Leverton, Defendant-Appellant (Jeff Presswood, Defendant).

Fourth District    No. 4—96—0937

Opinion filed June 26, 1997.—Modified on denial of rehearing July 30, 1997.

Steven G. Jones, of Shay & Perbix, of Decatur, for appellant.

Stephen W. Thomson and Richard J. Behr, both of Thomson & Behr, P.C., of Edwardsville, for appellee.

JUSTICE COOK delivered the opinion of the court:

In June 1994, the insured, Jeff Presswood, was convicted of the aggravated battery of George Leverton. In November 1994, Leverton filed a civil complaint against Presswood. The complaint contained counts alleging both battery and negligence. In August 1995, plaintiff State Farm Fire and Casualty Company (State Farm) filed a declaratory judgment action against Presswood and Leverton, seeking a declaration that it was not required either to defend or indemnify Presswood. On August 22, 1996, the trial court denied State Farm's motion for summary judgment but, on a motion to reconsider, the court reversed itself and granted summary judgment in State Farm's favor. This appeal followed.

On June 10, 1994, Presswood was in the Alley Bi Saloon in Lincoln. Leverton arrived some time after, accompanied by Shannon Follis, Presswood's former girlfriend. Follis approached Presswood

and asked him to speak with her outside in the alley. Presswood accompanied Follis outside and stood with his back to the alley door as he spoke with Follis. Leverton later exited through the alley door and, while stating "havin' a fuckin' problem," shoved Presswood in the back. The force of the shove caused Presswood to bump into Follis, knocking her head against the alley wall. According to Presswood, he quickly turned while swinging the beer bottle in his right hand in order to get whoever had pushed him away from him. Leverton was struck in the face with the beer bottle and injured.

State Farm filed its declaratory judgment action in August 1995. State Farm argued it was not required to defend or indemnify Presswood due to an exclusionary provision in Presswood's homeowner's policy. That policy provides coverage for any "accident" that results in bodily injury but excludes coverage where the bodily injury "is either expected or intended by the insured." The trial court, relying on this court's decision in *Mid America Fire & Marine Insurance Co. v. Smith*, 109 Ill. App. 3d 1121, 441 N.E.2d 949 (1982), ruled the intentional acts exclusionary clause applied to Presswood's conduct to deny coverage.

Although neither party has discussed the issue on appeal, the trial court's decision in the declaratory judgment action was premature, based on the supreme court's decisions in *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 355 N.E.2d 24 (1976), and *Thornton v. Paul*, 74 Ill. 2d 132, 384 N.E.2d 335 (1978). Both *Peppers* and *Thornton* held that it is improper for a trial court to decide issues of coverage brought up in a declaratory judgment action prior to resolution of an underlying tort case, at least where resolution of an issue in the declaratory judgment action would decide "ultimate facts upon which recovery is predicated" in the tort case. *Peppers*, 64 Ill. 2d at 197, 355 N.E.2d at 30; see also *Thornton*, 74 Ill. 2d at 158-59, 384 N.E.2d at 346. Where *bona fide* disputes arise over the issue of negligence versus intentional conduct for indemnification purposes, the tort litigation should be resolved before the court decides the coverage issue in a declaratory judgment action. *Allstate Insurance Co. v. Carioto*, 194 Ill. App. 3d 767, 776, 551 N.E.2d 382, 387 (1990); *State Farm Fire & Casualty Co. v. Shelton*, 176 Ill. App. 3d 858, 866, 531 N.E.2d 913, 919 (1988); *cf. Bay State Insurance Co. v. Wilson*, 96 Ill. 2d 487, 493, 451 N.E.2d 880, 882 (1983).

In the present case, on a motion for reconsideration the trial court granted summary judgment in State Farm's favor, finding Presswood's conduct was intentional and, therefore, outside the scope of coverage of his homeowner's policy. However, Leverton's civil suit remained unresolved at the time of the trial court's decision. Lever-

ton's civil suit, in addition to alleging assault and battery, alleged negligence in that Presswood "swung a beer bottle while in close proximity to [Leverton], creating an unreasonably dangerous condition." Such a theory of the negligent use of force in self-defense has been recognized in previous cases. See *Topps v. Ferraro*, 235 Ill. App. 3d 43, 47, 601 N.E.2d 292, 294 (1992); *Wegman v. Pratt*, 219 Ill. App. 3d 883, 895, 579 N.E.2d 1035, 1044 (1991); *Blackburn v. Johnson*, 187 Ill. App. 3d 557, 561-62, 543 N.E.2d 583, 586 (1989). Thus, in the present case a *bona fide* dispute existed over whether Presswood's intentional act of striking Leverton constituted an unreasonable use of force in self-defense. As resolution of the issue of negligence versus intentional conduct for coverage purposes would decide "ultimate facts upon which recovery is predicated" in Leverton's civil suit (*Peppers*, 64 Ill. 2d at 197, 355 N.E.2d at 30), the trial court should have abstained from deciding the coverage issue in the declaratory judgment action until the culmination of Leverton's civil suit.

While in some rare situations a declaratory judgment action may be brought and decided prior to termination of the tort litigation without violating the commands of *Peppers* and *Thornton*, this is not such a case. In *Carioto* the insured pleaded guilty to attempt (murder) and thereby admitted intentional conduct on his part. *Carioto*, 194 Ill. App. 3d at 770, 551 N.E.2d at 383. In addition, he made subsequent admissions of intentional conduct in a deposition taken in preparation of civil litigation. *Carioto*, 194 Ill. App. 3d at 775, 551 N.E.2d at 387. The combination of such conclusive evidence of intentional conduct and patently "facetious" allegations of negligence—the victim alleged the insured had acted negligently in robbing him and stabbing him 17 times—justified deciding the coverage issue in a declaratory judgment action prior to the resolution of the underlying tort action. *Carioto*, 194 Ill. App. 3d at 775-76, 551 N.E.2d at 387.

In the present case, while Leverton's allegation that Presswood acted negligently in swinging the beer bottle and hitting him in the face may be weak, such an allegation does not rise to the level of being plainly facetious as in *Carioto*. As noted, several decisions have recognized that a complaint may state a claim of negligence where the unreasonable use of force in self-defense is alleged. See *Topps*, 235 Ill. App. 3d at 47, 601 N.E.2d at 294; *Wegman*, 219 Ill. App. 3d at 895, 579 N.E.2d at 1044; *Blackburn*, 187 Ill. App. 3d at 561-62, 543 N.E.2d at 586. That is essentially what Leverton has alleged here, and decision of the coverage issue was, therefore, premature.

We point out that under *Peppers* and *Thornton* State Farm will have the opportunity to relitigate the coverage issue. Since an insurer

is prevented from participating in the tort trial and its interests are not represented, the insurer is not bound by the verdict in the civil trial. See *Peppers*, 64 Ill. 2d at 198-99, 355 N.E.2d at 31; *Thornton*, 74 Ill. 2d at 162, 384 N.E.2d at 348; *Illinois Farmers Insurance Co. v. Puccinelli*, 276 Ill. App. 3d 293, 296, 657 N.E.2d 1062, 1064 (1995); *Shelton*, 176 Ill. App. 3d at 867-68, 531 N.E.2d at 920. The insurer is permitted its day in court to attempt to show that the insured's conduct falls within the terms of its policy's intentional acts exclusion. *Puccinelli*, 276 Ill. App. 3d at 296, 657 N.E.2d at 1065; *Shelton*, 176 Ill. App. 3d at 867-68, 531 N.E.2d at 920. Collateral estoppel does not apply to prevent the insurer from relitigating the issues in a subsequent declaratory judgment action since the insurer was not a party or in privity with a party to the prior adjudication. See *Herzog v. Lexington Township*, 167 Ill. 2d 288, 294-95, 657 N.E.2d 926, 929-30 (1995) (party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication); *Puccinelli*, 276 Ill. App. 3d at 296, 657 N.E.2d at 1064 (collateral estoppel not applicable because absence of an identity of interests between insured and insurer results in an absence of privity between the parties). Once Leverton's civil suit against Presswood has concluded, the trial court can resolve the issue of coverage and may very well find summary judgment in State Farm's favor to be appropriate, given the nature of Presswood's conduct.

*Mid America* cannot be relied upon in support of the trial court's ruling in the declaratory judgment action. *Mid America* was decided in 1982, seven years prior to this court's first recognition (see *Blackburn*, 187 Ill. App. 3d at 561-62, 543 N.E.2d at 586) that an intentional act may form the basis of a negligence count, at least where the unreasonable use of force in self-defense is alleged. While negligence was generally alleged in *Mid America*, there is no indication that the victim alleged the insured negligently employed force in his self-defense. Moreover, any such claim would likely have been facetious, as the insured was found to have kicked the victim in the head in that case. *Mid America*, 109 Ill. App. 3d at 1122, 441 N.E.2d at 950.

We cannot say as a matter of law that there is no duty to indemnify in this case. That being true, we cannot find there is no duty to defend. An insurer's duty to defend is broader than its duty to indemnify. If facts alleged in the complaint are within or potentially within policy coverage, the insurer must defend the claim even if the allegations are legally groundless, false, or fraudulent. *Empire Fire & Marine Insurance Co. v. Clarendon Insurance Co.*, 267 Ill. App. 3d 1022, 1026, 642 N.E.2d 790, 793 (1994).

For the reasons stated, we reverse and remand the judgment of the trial court.

Reversed and remanded.

STEIGMANN, P.J., and GARMAN, J., concur.