NO. 4-96-0937

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

STATE FARM FIRE AND CASUALTY COMPANY, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) Logan County

GEORGE G. LEVERTON, as Father and Next ) No. 95MR39

Friend of TIFFANY NICHOLE LEVERTON, and )

GEORGE LEVERTON, Individually, )           

Defendant-Appellant, )                  

and ) Honorable            

JEFF PRESSWOOD, ) David L. Coogan,

Defendant. )  Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

In June 1994, the insured, Jeff Presswood, was con­victed of the aggravated battery of George Leverton.  In November 1994, Leverton filed a civil complaint against Presswood.  The complaint contained counts alleging both battery and negli­gence.  In August 1995, plaintiff State Farm Fire and Casualty Company (State Farm) filed a declaratory judgment action against Presswood and Leverton, seeking a declaration that it was not required either to defend or indemnify Presswood.  On August 22, 1996, the trial court denied State Farm's motion for summary judgment but, on a motion to reconsider, the court reversed itself and granted summary judgment in State Farm's favor.  This appeal followed.

On June 10, 1994, Presswood was in the Alley Bi Saloon in Lincoln.  Leverton arrived some time after, accompanied by Shannon Follis, Presswood's former girlfriend.  Follis approached Presswood and asked him to speak with her outside in the alley.  Presswood accompanied Follis outside and stood with his back to the alley door as he spoke with Follis.  Leverton later exited through the alley door and, while stating "havin' a fuckin' problem," shoved Presswood in the back.  The force of the shove caused Pressman to bump into Follis, knocking her head against the alley wall.  According to Presswood, he quickly turned while swinging the beer bottle in his right hand in order to get whoever had pushed him away from him.  Leverton was struck in the face with the beer bottle and injured.

State Farm filed its declaratory judgment action in August 1995.  State Farm argued it was not required to defend or indemnify Presswood due to an exclusionary provision in Presswood's homeowner's policy.  That policy provides coverage for any "accident" that results in bodily injury but excludes cover­age where the bodily injury "is either expected or intended by the insured."  The trial court, relying on this court's decision in 
Mid America Fire & Marine Insurance Co. v. Smith
, 109 Ill. App. 3d 1121, 441 N.E.2d 949 (1982), ruled the inten­tional acts exclusionary clause applied to Presswood's conduct to deny coverage.

Although neither party has discussed the issue on appeal, the trial court's decision in the declaratory judgment action was premature, based on the supreme court's decisions in 
Maryland Casualty Co. v. Peppers
, 64 Ill. 2d 187, 355 N.E.2d 24 (1976), and 
Thornton v. Paul
, 74 Ill. 2d 132, 384 N.E.2d 335 (1978).  Both 
Peppers
 and 
Thornton
 held that it is improp­er for a trial court to decide issues of cover­age brought up in a declara­tory judgment action prior to resolu­tion of an underlying tort case, at least where resolution of an issue in the declaratory judgment action would decide "ultimate facts upon which recovery is predicated" in the tort case.  
Peppers
, 64 Ill. 2d at 197, 355 N.E.2d at 30; see also 
Thornton
, 74 Ill. 2d at 158-59, 384 N.E.2d at 346.  Where 
bona
 
fide
 disputes arise over the issue of negli­gence versus inten­tional conduct for indemnifi­cation purpos­es, the tort litigation should be resolved before the court decides the coverage issue in a declaratory judgment action.  
Allstate Insurance Co. v. Carioto
, 194 Ill. App. 3d 767, 776, 551 N.E.2d 382, 387 (1990); 
State Farm Fire & Casualty Co. v. Shelton
, 176 Ill. App. 3d 858, 866, 531 N.E.2d 913, 919 (1988); 
cf
. 
Bay State Insurance Co. v. Wilson
, 96 Ill. 2d 487, 493, 451 N.E.2d 880, 882 (1983).  

In the present case, on a motion for reconsideration the trial court granted summary judgment in State Farm's favor, finding Presswood's conduct was intentional and, therefore, outside the scope of coverage of his homeowner's policy.  Howev­er, Leverton's civil suit remained unresolved at the time of the trial court's decision.  Leverton's civil suit, in addi­tion to alleg­ing assault and battery, alleged negligence in that Presswood "swung a beer bottle while in close proximity to [Leverton], creating an unreasonably dangerous condition."  Such a theory of the negligent use of force in self-defense has been recognized in previous cases.  See 
Topps v. Ferraro
, 235 Ill. App. 3d 43, 47, 601 N.E.2d 292, 294 (1992); 
Wegman v. Pratt
, 219 Ill. App. 3d 883, 895, 579 N.E.2d 1035, 1044 (1991); 
Blackburn v. Johnson
, 187 Ill. App. 3d 557, 561-62, 543 N.E.2d 583, 586 (1989).  Thus, in the present case a 
bona
 
fide
 dispute existed over whether Presswood's intentional act of striking Leverton constituted an unreasonable use of force in self-defense.  As resolu­tion of the issue of negli­gence versus inten­tional conduct for cover­age purpos­es would decide "ultimate facts upon which recov­ery is predicated" in Leverton's civil suit (
Peppers
, 64 Ill. 2d at 197, 355 N.E.2d at 30), the trial court should have abstained from deciding the coverage issue in the declar­atory judgment action until the culmination of Leverton's civil suit.

While in some rare situations a declaratory judgment action may be brought and decided prior to termination of the tort litigation without violating the commands of 
Peppers
 and 
Thornton
, this is not such a case.  In 
Carioto
 the insured pleaded guilty to attempt (murder) and thereby admitted inten­tional conduct on his part.  
Carioto
, 194 Ill. App. 3d at 770, 551 N.E.2d at 383.  In addi­tion, he made subse­quent admis­sions of inten­tional conduct in a deposition taken in preparation of civil litiga­tion.  
Carioto
, 194 Ill. App. 3d at 775, 551 N.E.2d at 387.  The combination of such conclusive evidence of intentional conduct and patently "face­tious" allega­tions of negli­gence--the victim alleged the insured had acted negligently in robbing him and stabbing him 17 times--justified deciding the coverage issue in a declaratory judgment action prior to the resolution of the underlying tort action.  
Carioto
, 194 Ill. App. 3d at 775-76, 551 N.E.2d at 387.

In the present case, while Leverton's allegation that Presswood acted negligently in swinging the beer bottle and hitting him in the face may be weak, such an allegation does not rise to the level of being plainly facetious as in 
Carioto
.  As noted, several decisions have recognized that a complaint may state a claim of negligence where the unreasonable use of force in self-defense is alleged.  See 
Topps
, 235 Ill. App. 3d at 47, 601 N.E.2d at 294; 
Wegman
, 219 Ill. App. 3d at 895, 579 N.E.2d at 1044; 
Blackburn
, 187 Ill. App. 3d at 561-62, 543 N.E.2d at 586.  That is essen­tially what Leverton has alleged here, and decision of the coverage issue was, there­fore, premature.

We point out that under 
Peppers
 and 
Thornton
 State Farm will have the opportu­nity to relitigate the coverage issue.  Since an insurer is pre­vent­ed from partic­i­pat­ing in the tort trial and its inter­ests are not repre­sented, the insurer is not bound by the verdict in the civil trial.  See 
Peppers
, 64 Ill. 2d at 198-99, 355 N.E.2d at 31; 
Thornton
, 74 Ill. 2d at 162, 384 N.E.2d at 348; 
Illinois Farmers Insurance Co. v. Puccinelli
, 276 Ill. App. 3d 293, 296, 657 N.E.2d 1062, 1064 (1995); 
Shelton
, 176 Ill. App. 3d at 867-68, 531 N.E.2d at 920.  The insurer is permit­ted its day in court to attempt to show that the insured's conduct falls within the terms of its policy's inten­tional acts exclu­sion.  
Puccinelli
, 276 Ill. App. 3d at 296, 657 N.E.2d at 1065; 
Shelton
, 176 Ill. App. 3d at 867-68, 531 N.E.2d at 920.  Collat­eral estoppel does not apply to prevent the insurer from relitigating the issues in a subsequent declara­tory judgment action since the insurer was not a party or in privity with a party to the prior adjudication.  See 
Herzog v. Lexington Town­ship
, 167 Ill. 2d 288, 294-95, 657 N.E.2d 926, 929-30 (1995) (party against whom estop­pel is assert­ed must have been a party or in privity with a party to the prior adjudi­cation); 
Puc­cinelli
, 276 Ill. App. 3d at 296, 657 N.E.2d at 1064 (collat­eral estoppel not applicable because absence of an identi­ty of inter­ests between insured and insurer results in an absence of privity between the parties).  Once Leverton's civil suit against Presswood has concluded, the trial court can resolve the issue of coverage and may very well find summary judgment in State Farm's favor to be appropriate, given the nature of Presswood's conduct.

Mid America
 cannot be relied upon in support of the trial court's ruling in the declar­atory judg­ment action.  
Mid America
 was decided in 1982, seven years prior to this court's first recogni­tion (see 
Blackburn
, 187 Ill. App. 3d at 561-62, 543 N.E.2d at 586) that an intentional act may form the basis of a negligence count, at least where the unreasonable use of force in self-defense is al­leged.  While negligence was generally alleged in 
Mid Ameri­ca
, there is no indica­tion that the victim alleged the insured negligently employed force in his self-defense.  More­over, any such claim would likely have been face­tious, as the insured was found to have kicked the victim in the head in that case.  
Mid America
, 109 Ill. App. 3d at 1122, 441 N.E.2d at 950. 

We cannot say as a matter of law that there is no duty to indem­nify in this case.  That being true, we cannot find there is no duty to defend.  An insurer's duty to defend is broader than its duty to indemnify.  If facts alleged in the complaint are within or potentially within policy coverage, the insurer must defend the claim even if the allegations are legally ground­less, false, or fraudulent.  
State Farm Fire & Casualty Co. v. Martin
, No. 5-95-0810, slip op. at 5 (October 29, 1996), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.

For the reasons stated, we reverse and remand the judg­ment of the trial court.

Reversed and remanded.

STEIGMANN, P.J., and GARMAN, J., concur.