**CINCINNATI INSURANCE COMPANY, Plaintiff,**

v.

**Timothy ALLEN and Sean, Blankenship, Defendants.**

**No. 04–CV–2227.**

United States District Court, C.D. Illinois, Urbana Division.

Dec. 8, 2004.

Hope G. Nightingale, Esq., Izabella A. Bielinska, Esq., Litchfield Cavo, Chicago, IL, for Plaintiff.

Jeffrey A. Justice, Esq., Shade & Justice, Decatur, IL, for Defendants.

## *ORDER*

MCCUSKEY, District Judge.

This case is before the court for ruling on cross motions for judgment on the pleadings. Following this court's careful review of the documents submitted by the parties and the arguments of the parties, this court rules as follows: (1) Defendant Timothy Allen's Motion for Judgment on the Pleadings (# 5) is DENIED; and (2) Plaintiff's Cross–Motion for Judgment on the Pleadings (# 9) is GRANTED.

## FACTS

On October 22, 2004, Plaintiff, Cincinnati Insurance Company, filed its Complaint

for Declaratory Judgment (# 1) against Defendants, Timothy Allen and Sean Blankenship. This court's jurisdiction is based upon diversity of citizenship. Plaintiff alleged that it is an Ohio corporation with its principal place of business in Ohio. Plaintiff also alleged that it issued a Homeowner's Policy and Umbrella Policy to Defendant Allen, a citizen of Illinois. Plaintiff further alleged that Defendant Blankenship, also a citizen of Illinois, filed a Complaint against Allen in the circuit court of Macon County. Plaintiff sought a declaration from this court that it has no coverage obligation under the policies it issued to Allen, including to defend, indemnify, or reimburse Allen, with respect to the underlying lawsuit filed by Blankenship.

Plaintiff attached a copy of the underlying Complaint at Law for Battery filed by Blankenship. In his Complaint, Blankenship alleged that, on November 15, 2003, he was in Oreana, Illinois, and was sitting in his vehicle in the driveway of a neighbor of Allen, speaking with Allen's wife, Kathy Allen, and other individuals. Blankenship further alleged that Allen approached him and, through the open door of the vehicle, reached in and slapped Blankenship. Blankenship also alleged that Allen then pushed his wife back towards their residence. Blankenship alleged that he exited his vehicle and Allen punched and struck him, causing him to fall and strike his head on the driveway, resulting in a significant brain injury. Blankenship alleged that Allen's conduct was a direct and proximate cause of his injury and constituted a willful and wanton battery upon him. Blankenship alleged that he has been permanently injured and disabled and has suffered significant damages, including lost earnings. In his Complaint, Blankenship sought compensatory and exemplary damages from Allen.

Plaintiff also attached a copy of the Homeowner's Policy and Umbrella Policy it had issued to Allen. Both policies provided that Plaintiff would pay damages for "bodily injury" arising out of an "occurrence." The policies also both defined an "occurrence" as an "accident" which resulted in bodily injury. The Homeowner's policy specifically excluded coverage for "bodily injury" which "may reasonably be expected to result from the intentional or criminal acts of one or more 'insureds' or which is in fact expected or intended by one or more 'insureds', even if the injury or damage is of a different degree or type than actually expected or intended." The policy stated that this exclusion did not apply when the "bodily injury" resulted from "the use of reasonable force to protect persons or property." The Umbrella Policy provided coverage for damages in excess of the coverage provided by the underlying Homeowner's Policy or for damages excluded or not covered by the Homeowner's Policy. However, the Umbrella Policy included substantially identical provisions excluding expected or intended acts unless resulting from the use of reasonable force to protect persons or property.

On November 5, 2004, Allen filed his Answer to Complaint for Declaratory Judgment (# 4). Allen attached a copy of his Answer to Blankenship's Complaint against him in which he alleged, as an affirmative defense, that he struck Blankenship "only as a matter of self-defense after first being struck in the face by Sean Blankenship." In addition, on November 5, 2004, Allen filed a Motion for Judgment on the Pleadings (# 5). Allen argued that, under the terms of his policy, Plaintiff has a duty to defend him in the underlying lawsuit filed by Blankenship.

On November 19, 2004, Plaintiff filed a Cross–Motion for Judgment on the Plead-

ings (# 9) and a Memorandum (# 10) in support of its Motion and in opposition to Allen's Motion. Plaintiff argued that Allen's Motion should be denied and its Cross–Motion should be granted because the allegations in the underlying Blankenship case do not fall within the coverage of the policies because they do not allege an "occurrence" and because they are excluded by the intentional acts exclusion of the policies.

Allen filed his Response to Plaintiff's Cross–Motion (# 13) on December 1, 2004. Allen stated that the pleadings in the underlying case have evoked the "self-defense" exception to the intentional acts exclusion. Allen therefore contended that Plaintiff has the duty to defend him in the Blankenship lawsuit. Defendant Blankenship has not filed an answer in this case or any response to Plaintiff's Cross–Motion for Judgment on the Pleadings.

On December 7, 2004, Plaintiff filed a Motion for Leave to File Reply in Opposition to Allen's Response to [Plaintiff's] Cross–Motion for Judgment on the Pleadings (# 14). This court allowed the Motion and Plaintiff's Reply (# 15) was filed in this court.

## ANALYSIS

### I. STANDARD FOR JUDGMENT ON THE PLEADINGS

■ After the close of pleadings, a party may file a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure to attempt to dispose of the case on the basis of the underlying substantive merits. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir.1993); *Crowley v. McKinney*, 2002 WL 31101287, at *1 (N.D.Ill.2002). The appropriate standard for such a motion is that applicable to summary judgment, except that the court may consider only the contents of the pleadings. *See Alexander*, 994 F.2d at 336; *Ohio Cas. Ins. Co. v. PetsMart, Inc.*, 2003 WL 22995160, at *2 (N.D.Ill.2003). Judgment on the pleadings is proper where the pleadings raise only questions of law and no questions of material fact. *Utica Mut. Ins. Co. v. David Agency Ins., Inc.*, 327 F.Supp.2d 922, 926 (N.D.Ill.2004). A Rule 12(c) motion should not be granted unless no genuine issues of material fact remain to be resolved and unless the moving party is entitled to judgment as a matter of law. *See Alexander*, 994 F.2d at 336; *Memisovski v. Maram*, 2004 WL 1878332, at *2 n. 3 (N.D.Ill.2004); *Fid. & Guar. Life Ins. Co. v. Payne*, 2003 WL 22143249, at *2 (N.D.Ill.2003). In this case, both sides essentially agree on the material facts and raise only issues of law as to Plaintiff's duty to defend and indemnify Allen. *See Utica Mut. Ins. Co.*, 327 F.Supp.2d at 926. In addition, the parties agree that Illinois law applies. *See Utica Mut. Ins. Co.*, 327 F.Supp.2d at 926.

### II. APPLICABLE LAW

■ Under Illinois law, it is well settled that an "insurer's duty to defend its insured is much broader than its duty to indemnify." *Utica Mut. Ins. Co.*, 327 F.Supp.2d at 926, *quoting Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 180 Ill.Dec. 691, 607 N.E.2d 1204, 1220 (1992). "Whether an insurer must defend the insured is a question resolved by comparing the allegations of the underlying complaint against the insured to the insurance policy." *Conn. Indem. Co. v. DER Travel Service, Inc.*, 328 F.3d 347, 349 (7th Cir.2003), *citing Lapham–Hickey Steel Corp. v. Prot. Mut. Ins. Co.*, 166 Ill.2d 520, 211 Ill.Dec. 459, 655 N.E.2d 842, 847 (1995); *see also Cincinnati Ins. Co. v. Dawes Rigging & Crane Rental, Inc.*, 321 F.Supp.2d 975, 980 (C.D.Ill.2004). As a general rule, it is only the allegations of the underlying complaint, considered in

the context of the relevant policy provisions, that should determine whether an insurer owes a duty to defend an action brought against the insured. *Lexmark Int'l, Inc. v. Transp. Ins. Co.*, 327 Ill. App.3d 128, 260 Ill.Dec. 658, 761 N.E.2d 1214, 1221 (2001). The insurer has an obligation to defend if any part of the underlying lawsuit could require it to indemnify the insured, even if the complaint alleges several causes of action and only one of those may be covered. *Utica Mut. Ins. Co.*, 327 F.Supp.2d at 926; *Skylink Techs., Inc. v. Assurance Co. of Am.*, 2004 WL 42365, at *4 (N.D.Ill.2004). The legal labels used by a plaintiff in the underlying case are not dispositive as to whether a duty to defend exists. *Conn. Indem. Co.*, 328 F.3d at 349; *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 745 (7th Cir. 2001). However, an insurer does not have a duty to defend where it is "clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Conn. Indem. Co.*, 328 F.3d at 349, *quoting U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 161 Ill.Dec. 280, 578 N.E.2d 926, 930 (1991).

■ The construction of an unambiguous insurance policy is a question of law, and the policy's terms are to be applied as written unless those terms are contrary to public policy. *Am. Family Mut. Ins. Co. v. Savickas*, 193 Ill.2d 378, 250 Ill.Dec. 682, 739 N.E.2d 445, 448–49 (2000); *see also Hawkeye–Security Ins. Co. v. Bob Propheter Constr., L.L.C.*, 2002 WL 31176183, at *5 (N.D.Ill.2002). Therefore, a determination of the rights and obligations under an insurance policy is an appropriate subject for disposition as a matter of law. *See Skylink Techs., Inc.*, 2004 WL 42365, at *3, *citing Lexmark Int'l, Inc.*, 260 Ill.Dec. 658, 761 N.E.2d at 1220. Unambiguous terms will be interpreted using the plain ordinary meaning of the terms and will be given effect as written. *Dawes Rigging*, 321 F.Supp.2d at 980. Well-settled doctrine requires this court to liberally construe the underlying complaint in favor of the insured and to resolve any doubt arising during the comparison in favor of the insured. *Conn. Indem. Co.*, 328 F.3d at 351; *Dawes Rigging*, 321 F.Supp.2d at 980.

### III. ALLEN'S MOTION

■ In his Memorandum of Law in Support of his Motion for Judgment on the Pleadings, Allen contends that Plaintiff has a duty to defend him in the underlying case because he has asserted the affirmative defense of self-defense. Allen relies on *State Farm Fire & Cas. Co. v. Leverton*, 289 Ill.App.3d 855, 225 Ill.Dec. 308, 683 N.E.2d 476 (1997). In *Leverton*, the insured, Jeff Presswood, was convicted of the aggravated battery of George Leverton. Leverton filed a civil complaint against Presswood, alleging both battery and negligence. Presswood's insurance company, State Farm Fire & Casualty Company (State Farm), filed a declaratory judgment action seeking a declaration that it was not required either to defend or indemnify Presswood. The trial court granted summary judgment in State Farm's favor, but the Illinois Appellate Court, Fourth District, reversed. The court noted that "[w]here *bona fide* disputes arise over the issue of negligence versus intentional conduct for indemnification purposes, the tort litigation should be resolved before the court decides the coverage issue in a declaratory judgment action." *Leverton*, 225 Ill.Dec. 308, 683 N.E.2d at 478. The court further noted that Leverton's complaint, in addition to alleging assault and battery, alleged negligence in that Presswood "swung a beer bottle while in close proximity to [Leverton], creating an unreasonably dangerous

condition." *Leverton,* 225 Ill.Dec. 308, 683 N.E.2d at 478. The court noted that such "a theory of negligent use of force in self-defense has been recognized in previous cases." *Leverton,* 225 Ill.Dec. 308, 683 N.E.2d at 478. The court then stated:

Thus, in the present case a bona fide dispute existed over whether Presswood's intentional act of striking Leverton constituted an unreasonable use of force in self-defense. As resolution of the issue of negligence versus intentional conduct for coverage purposes would decide "ultimate facts upon which recovery is predicated" in Leverton's civil suit, the trial court should have abstained from deciding the coverage issue in the declaratory judgment action until the culmination of Leverton's civil suit.

*Leverton,* 225 Ill.Dec. 308, 683 N.E.2d at 478 (citation omitted). The court concluded by stating that it could not say as a matter of law that there was no duty to indemnify and, therefore, could not find there was no duty to defend. *Leverton,* 225 Ill.Dec. 308, 683 N.E.2d at 479.

In response, Plaintiff contends that *Leverton* is distinguishable because, in this case, there are no allegations in the underlying complaint of negligent or accidental conduct by Allen. Plaintiff argues that the allegations in Blankenship's Complaint against Allen reflect a series of deliberate, intentional actions by Allen. Plaintiff notes that, in fact, Blankenship alleged that Allen acted intentionally, willfully and wantonly. Plaintiff argues that, as a matter of law, Blankenship's battery claim against Allen is not covered by the Policies.

Plaintiff relies on *State Farm Fire & Cas. Co. v. Leverton* (*Leverton II* ), 314 Ill.App.3d 1080, 247 Ill.Dec. 762, 732 N.E.2d 1094 (2000). In *Leverton II,* the Illinois Appellate Court, Fourth District, affirmed the trial court's decision to grant State Farm a declaratory judgment that it had no duty to indemnify Presswood for the injuries Leverton received. After the original *Leverton* case was decided, Leverton's civil case against Presswood proceeded to trial. Prior to trial, Leverton voluntarily dismissed the count alleging "willful and malicious" assault and battery, leaving only the negligence count of his complaint. *Leverton II,* 247 Ill.Dec. 762, 732 N.E.2d at 1096. The jury found Presswood at fault and awarded damages in the amount of $160,889.66. The jury also reduced Leverton's recovery by 10%, finding him contributorily negligent. The circuit court, in concluding that State Farm had no duty to indemnify Presswood, found that "Leverton's injuries were expected or intended and therefore excluded from coverage; Presswood's actions were intentional and not an 'accident'; and the facts presented did not constitute an 'occurrence' that would trigger coverage." *Leverton II,* 247 Ill.Dec. 762, 732 N.E.2d at 1096. As noted, the appellate court affirmed. The court first found that the provisions of the insurance policy which defined "occurrence" as an "accident" which results in bodily injury and which excluded coverage where the bodily injury was "either expected or intended by an insured" were not ambiguous. *Leverton II,* 247 Ill.Dec. 762, 732 N.E.2d at 1097. The court noted that personal liability insurance contracts typically contain exclusionary clauses for intentional conduct because "an agreement to indemnify against intentional conduct would, as a general rule, be contrary to public policy and unenforceable." *Leverton II,* 247 Ill.Dec. 762, 732 N.E.2d at 1097.

At trial, Presswood testified that he swung as a reflex, in response to Leverton's shove and "simply swung the beer bottle in an effort to get whoever it was that shoved him to move away." *Leverton*

*II,* 247 Ill.Dec. 762, 732 N.E.2d at 1098. Therefore, according to Presswood, his acts were intentional, but he was merely defending himself. *Leverton II,* 247 Ill. Dec. 762, 732 N.E.2d at 1098. The court noted, as it had in its earlier *Leverton* decision, that the theory of negligent use of force in self-defense has been recognized in decisions of Illinois courts. *Leverton II,* 247 Ill.Dec. 762, 732 N.E.2d at 1098. However, the court further noted that those cases were distinguishable because they "did not involve the interpretation of an exclusionary clause in an insurance policy." *Leverton II,* 247 Ill.Dec. 762, 732 N.E.2d at 1098. The court also noted that "[u]ltimately, an exclusionary clause in an insurance policy should be interpreted reasonably." *Leverton II,* 247 Ill.Dec. 762, 732 N.E.2d at 1098. The court stated:

In our prior opinion in this case, we noted that while the allegations that Presswood "negligently" swung the beer bottle and hit Leverton in the face were "weak," we could not say as a matter of law that State Farm had no duty to indemnify. Having reviewed the record again, as well as the evidence presented on remand, we find that the facts do not support Leverton's theory of the case.

. . . . .

Based upon the evidence presented, we find that Leverton's injuries were not the result of an accident. Rather, they were the natural and ordinary consequence of Presswood's intentional act of swinging at someone with a beer bottle in hand. The evidence is insufficient to support any finding that Presswood's conduct would trigger coverage as negligent self-defense. Further, we cannot find that the parties reasonably intended to insure Presswood for injuries that he inflicted upon others during barroom scuffles.

*Leverton II,* 247 Ill.Dec. 762, 732 N.E.2d at 1099 (citation omitted).

This court agrees with Plaintiff that, in *Leverton II,* the court concluded that a claim for damages arising out of a battery was not covered by the insurance policy. This court also notes that the court in *Leverton II* questioned its prior decision in *Leverton* because the cases relied on in that case, which recognized the possibility of coverage based upon negligent self-defense, did not involve an exclusion for expected or intended acts by the insured.[1]

In this case, the allegations of the Blankenship Complaint are that Allen walked over and struck Blankenship while he was in his vehicle and, when Blankenship exited his vehicle, Allen punched and struck him, causing him to fall and strike his head on the driveway. Unlike the situation in *Leverton,* Blankenship's Complaint does not include any allegations of negligent conduct on the part of Allen. For this reason, this court concludes that Allen's reliance on *Leverton* is misplaced. *See Leverton,* 225 Ill.Dec. 308, 683 N.E.2d at 479 (complaint essentially alleged the unreasonable use of force in self-defense). Based upon the Complaint, there is no bona fide dispute in this case as to whether Allen acted negligently or intentionally. *Cf. Country Mut. Ins. Co. v. Hagan,* 298 Ill.App.3d 495, 232 Ill.Dec. 433, 698 N.E.2d 271, 281 (1998); *Leverton,* 225 Ill.Dec. 308,

---

1. This court additionally notes that *Thornton v. Paul,* 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335 (1978), one of the cases relied upon by the court in *Leverton* to support its conclusion that it is improper to decide issues of coverage in a declaratory judgment action prior to resolution of the underlying tort case, was overruled in *Am. Family Mut. Ins. Co. v. Savickas,* 193 Ill.2d 378, 250 Ill.Dec. 682, 739 N.E.2d 445 (2000) as to the holding in *Thornton v. Paul* that a prior criminal conviction could not be given estoppel effect in a subsequent civil case.

683 N.E.2d at 478–79. Therefore, this court does not need to wait for the tort litigation to be resolved before deciding the coverage issue in a declaratory judgment action. Accordingly, unlike *Leverton*, there is no basis for this court to find Plaintiff has a duty to defend Allen. For this reason, Allen's Motion for Judgment on the Pleadings (# 5) is DENIED.

## IV. PLAINTIFF'S CROSS–MOTION

In its Cross–Motion for Judgment on the Pleadings (# 9), Plaintiff argues that this court should enter judgment on the pleadings and enter an order declaring that the policies provide no coverage for the Blankenship case and that Plaintiff has no duty to defend or indemnify Allen with respect to the Blankenship case. In its Memorandum, Plaintiff argues that, based upon *Leverton II*, a claim of self-defense does not establish coverage because an insured acting in self-defense is still acting with intent to harm. Plaintiff also again points out that, under Illinois law, this court should only consider the allegations of the underlying complaint in determining whether it owes a duty to defend.

In his Response, Allen again cited *Leverton* and argues that, because he has alleged that he acted in self-defense, Plaintiff has a duty to defend him. He argues that "self-defense is an accident in the sense that it was created by forces other than the acts of the insured." In its Reply, Plaintiff argues that, contrary to Allen's argument, self-defense is not an "accident" and is, in fact, an intentional act excluded by the language of the policies. Plaintiff also again argues that this court must look *only* at the allegations of the Complaint which do not include any allegations of self-defense. This court agrees.

■ This court agrees with the court in *Leverton II* that the policy provisions at issue in this case are not ambiguous.

Therefore, the policy provisions will be interpreted using the plain ordinary meaning of the terms. *Dawes Rigging*, 321 F.Supp.2d at 980. The policy's terms will be applied as written unless those terms are contrary to public policy. *See Am. Family Mut. Ins. Co.*, 250 Ill.Dec. 682, 739 N.E.2d at 448–49.

■ Comparing the allegations in the underlying Complaint with the provisions of the policies issued to Allen by Plaintiff, it is clear that the Complaint does not allege an "occurrence" as defined by the policies. The natural and ordinary consequences of an act do not constitute an accident. *Aetna Cas. & Surety Co. v. Freyer*, 89 Ill.App.3d 617, 44 Ill.Dec. 791, 411 N.E.2d 1157, 1159 (1980). Therefore, an injury caused by an assault and battery normally is not considered to be accidental even if the specific injury was not intended. *Aetna Cas. & Surety Co.*, 44 Ill.Dec. 791, 411 N.E.2d at 1159; *see also Thornton v. Ill. Founders Ins. Co.*, 84 Ill.2d 365, 49 Ill.Dec. 724, 418 N.E.2d 744, 747–48 (1981); *Leverton II*, 247 Ill.Dec. 762, 732 N.E.2d at 1097–99. Further, the Blankenship Complaint alleges injuries which were expected or intended by Allen and are therefore excluded from coverage by both policies. *See Leverton II*, 247 Ill.Dec. 762, 732 N.E.2d at 1099. This court further concludes that, based upon the allegations of the Complaint, the injuries to Blankenship could not possibly fit under the policies' exception for "bodily injury" which resulted from "the use of reasonable force to protect persons or property." This court concludes that Allen's conclusory statement in his Answer to Blankenship's Complaint that he struck Blankenship "as a matter of self-defense" does not change the fact that the allegations in the Complaint do not state facts which bring the case within, or potentially within, the policies' coverage.

Comparing the allegations of the underlying Complaint and the insurance policies, even liberally construing the allegations in favor of Allen, it is "clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *See Conn. Indem. Co.*, 328 F.3d at 349–51. Therefore, this court concludes that Plaintiff does not have a duty to defend or indemnify Allen regarding Blankenship's Complaint against him. Plaintiff is entitled to the declaration it sought from this court in its Complaint for Declaratory Judgment (# 1) that it has no coverage obligation under the policies it issued to Allen, including to defend, indemnify, or reimburse Allen, with respect to the underlying lawsuit filed by Blankenship. For this reason, Plaintiff's Cross–Motion for Judgment on the Pleadings (# 9) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant Allen's Motion for Judgment on the Pleadings (# 5) is DENIED.

(2) Plaintiff's Cross–Motion for Judgment on the Pleadings (# 9) is GRANTED. Judgment is entered in favor of Plaintiff and against Defendants Allen and Blankenship.

(3) This case is terminated. Accordingly, the Rule 16 conference scheduled for December 14, 2004, at 10:15 a.m. is hereby VACATED.